IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIKHAIL MARYANOUSKIY, individually
and on behalf of all others similarly situated,

                                ORDER

            Plaintiff,

                              11-cv-106-bbc

   v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed class action for declaratory, injunctive and monetary relief brought by plaintiff Mickail Maryanouskiy against defendant American Family Mutual Insurance Company for breach of contract, violation of Washington's Consumer Protection Act and other state laws.  Defendant has moved for summary judgment and dismissal of plaintiff's claims for various reasons and plaintiff has moved for summary judgment on defendant's breach of contract counterclaim.

      Before any of these matters may be addressed, it is necessary to take up the question of subject matter jurisdiction.  Plaintiff asserts jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which extends the diversity jurisdiction of federal courts to

1

class actions in which the stakes exceed $5 million, provided that at least minimal diversity of citizenship exists.  Plaintiff alleges that defendant is a Wisconsin corporation with its principal place of business in Wisconsin and that the amount in controversy exceeds $5 million.  However, plaintiff has not alleged that "any member of [the] class of plaintiffs is a citizen of a State different" from defendant, as is required by § 1332(2)(A).  Rather, plaintiff alleges only that he is a *resident* of Washington and "presently residing in Auburn, Washington."  Cpt. ¶¶ 9, 11.  It is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes.  Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).  See also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate.").  An individual is a citizen of the state in which he is domiciled, that is, where he has a permanent home and principal establishment, and to which he has the intention of returning whenever he is absent from it.  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  Thus, plaintiff must identify his citizenship or that of another class member before the case may proceed further.

ORDER

IT IS ORDERED that plaintiff Mikhail Maryanouskiy may have until August 11, 2011 in which to submit verification, in the form of an affidavit, of the diversity of citizenship between himself and defendant.  If plaintiff does not respond by that date, this

case will be dismissed for lack of subject matter jurisdiction.

Entered this 1st day of August, 2011.

                                                    BY THE COURT:
                                                    /s/
                                                    BARBARA B. CRABB
                                                    District Judge